IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 19-00167 JAO |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TURN OVER GRAND JURY TRANSCRIPTS AND/OR AN IN CAMERA REVIEW OF THE GRAND JURY PROCEEDINGS PURSUANT TO RULE 6(e)(3)(E)(ii)[1] AND THE DEFENDANT'S FIFTH AMENDMENT RIGHT |
| vs. | |
| ANDREW SANDEEN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TURN OVER GRAND JURY TRANSCRIPTS AND/OR AN IN CAMERA REVIEW OF THE GRAND JURY PROCEEDINGS PURSUANT TO RULE 6(e)(3)(E)(ii) AND THE DEFENDANT'S FIFTH AMENDMENT RIGHT**

Before the Court is Defendant Andrew Sandeen's ("Defendant") Motion to Dismiss or Turn Over Grand Jury Transcripts and/or an In Camera Review of the Grand Jury Proceedings Due to Indictment Irregularities and/or Defendants Occurring Within the Grand Jury Proceeding Pursuant to Rule 6(e)(3)(E)(ii) and the Defendant's Fifth Amendment Right ("Motion"). ECF No. 86. Defendant requests disclosure and/or an in camera review of the grand jury transcripts and if

---

[1] The Court includes the correct provision. Defendant incorrectly references 6(e)(ii).

improprieties are found, for dismissal of the Indictment with prejudice.  For the following reasons, the Court DENIES the Motion.

## BACKGROUND

On November 20, 2019, the government filed a Criminal Complaint, alleging that on November 19, 2019, Defendant knowingly conspired with others to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).  On November 27, 2019, the government filed an Indictment, reflecting that the Grand Jury charged Defendant with the foregoing.  ECF No. 9.  The Indictment's caption identifies Defendant and the case number associated with this case is provided in the caption and footer.  *Id.* at 1–2.  However, the footer contains a typographical error, identifying the case as *United States v. Brian Aguilar*.  *Id.* at 2.

On March 17, 2021, the government filed a Superseding Indictment charging Defendant with the same offense and including a special allegation that before committing the subject offense, Defendant had a final conviction in the Circuit Court, State of Hawaiʻi, for Robbery 2 under Hawaiʻi Revised Statutes § 708-841(1)(b) — a serious violent felony — for which he was sentenced to a ten-year term of imprisonment and served more than 12 months.  ECF No. 65.  The footer in the Superseding Indictment correctly references the case as *United States v. Andrew Sandeen*.  *Id.* at 3.

On April 2, 2021, Plaintiff filed the present Motion. ECF No. 86. The government filed an Opposition on April 19, 2021, ECF No. 114, and Plaintiff filed a Reply on April 26, 2021. ECF No. 127. The Court held a hearing on April 28, 2021. ECF No. 132.

## DISCUSSION

Citing the error in the footer of the Indictment, Defendant questions the validity of the Indictment[2] and argues that the Grand Jury transcripts should be disclosed and/or an in camera review conducted. ECF No. 86. The government contends that the error is typographical and therefore not grounds for dismissal, nor disclosure or in camera review of the grand jury transcripts. ECF No. 114 at 4–5.

### A. Disclosure of Grand Jury Transcripts

Federal Rule of Criminal Procedure ("Rule") 6(e)(3)(E)(ii) permits the Court to authorize disclosure of grand jury matters, subject to conditions it imposes, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The party requesting disclosure must establish a particularized need outweighing the policy of grand jury secrecy. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citation omitted). "[P]articularized need is

---

[2] Defendant does not challenge the Superseding Indictment, which is the operative indictment.

narrowly applied to insure that only relevant grand jury testimony is made available to defense counsel" and fishing expeditions are not sanctioned. *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978) (citing *Dennis v. United States*, 384 U.S. 855, 870–71 (1966)). "Mere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the [requisite] 'particular need.'" *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citations omitted); *see also Walczak*, 783 F.2d at 857.

The Court, exercising its discretion, declines to order the disclosure of the grand jury transcripts or to conduct an in camera review of the same. Defendant calls into question the charges against him because of an unfounded belief — based on a typographical error in the footer of the Indictment — that the grand jury potentially considered another individual and/or unrelated evidence in indicting him. Defendant is merely speculating and he has not established a particularized need to overcome grand jury secrecy.³

B.     **Dismissal of the Indictment**

Defendant also requests dismissal of the Indictment should the Court find that irregularities occurred within the grand jury proceedings. ECF No. 86 at 1, 3.

---

³ At the hearing, Defendant argued for the first time that grand jury instructions are not subject to the particularized need requirement. *See United States v. Belton*, No. 14-CR-00030-JST, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015). Because Defendant's request is not limited to the grand jury instructions, *United States v. Belton* is irrelevant, and has no precedential value in any event.

4

Because the Court found no basis to order disclosure of the grand jury transcripts, and the Indictment is sufficient, dismissal is inappropriate.

Rule 12(b)(3)(A)(v) requires a defendant to bring a pretrial motion regarding defects in instituting the prosecution, such as errors in the grand jury proceedings, "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(v). "Dismissal of an indictment is considered a 'drastic step' and is generally disfavored as a remedy." *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (citation omitted). Before trial, the relevant "inquiry is whether the defendant has been prejudiced by [an] error." *Id.* (citation omitted). An indictment must satisfy both due process and Rule 7 requirements. *See United States v. Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012). Due process requirements are met when an indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* (citation omitted) (internal quotation marks omitted). Rule 7(c)(1) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy."

*Zhou*, 678 F.3d at 1113 (citation omitted) (internal quotation marks omitted). Sufficiency of an indictment is measured "not [by] whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (citation omitted) (internal quotation marks omitted). Indictments must be read in their entirety "and construed with 'common sense and practicality.'" *Id.* at 936 (citation omitted).

Here, the only deficiency identified by Defendant is the perceived irregularity resulting from the typographical error. But this typographical error does not affect the sufficiency of the Indictment. The Indictment contains the relevant statutory provisions, fairly informs Defendant of the charges against him, and, construed with common sense and practicality, is not undermined by what is obviously a typographical error in the footer.[4] *Cf. United States v. Lim*, 984 F.2d 331, 337 (9th Cir. 1993) (finding that a clear typographical error — citing § 841(1)(1) instead of § 841(a)(1) — did not mislead the defendant as to the charges against him, nor cause him prejudice). Where, as here, the Indictment is

---

[4] In the Reply, Defendant again overstates the significance of the footer, insisting that a reader would think Brian Aguilar is the subject of the Indictment. ECF No. 127-1 at 3. But this interpretation defies common sense, as the caption and body of the Indictment exclusively reference Defendant. ECF No. 9. By the time the reader reaches the end of the Indictment and sees Brian Aguilar's name in the footer — for the first and only time — there is no reasonable question that the Indictment concerns Defendant, not Brian Aguilar.

sufficient, Defendant's conjecture about the potential implications of the innocuous typographical error does not support dismissal.

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss or Turn Over Grand Jury Transcripts and/or an In Camera Review of the Grand Jury Proceedings Pursuant to Rule 6(e)(3)(E)(ii) and the Defendant's Fifth Amendment Right.  ECF No. 86.

IT IS SO ORDERED.

DATED:    Honolulu, Hawai'i, April 29, 2021.



Jill A. Otake
United States District Judge

CR 19-00167 JAO, *United States v. Sandeen*; ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TURN OVER GRAND JURY TRANSCRIPTS AND/OR AN IN CAMERA REVIEW OF THE GRAND JURY PROCEEDINGS PURSUANT TO RULE 6(e)(3)(E)(ii) AND THE DEFENDANT'S FIFTH AMENDMENT RIGHT