IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 19-00167 JAO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON LACK OF SUBJECT MATTER JURISDICTION/ JURISDICTION/VENUE |
| vs. | |
| ANDREW SANDEEN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON LACK OF SUBJECT MATTER JURISDICTION/JURISDICTION/VENUE**

Before the Court is pro se Defendant Andrew Sandeen ("Defendant") Motion to Dismiss Based on Lack of Subject Matter Jurisdiction/Jurisdiction/ Venue ("Motion"). ECF No. 91. He seeks dismissal of the charges against him because the alleged offense did not occur within federal jurisdiction, does not fall within the United States' limited power to punish, and did not involve interstate commerce. For the following reasons, the Court DENIES the Motion.

**BACKGROUND**

On November 20, 2019, the government filed a Criminal Complaint, alleging that on November 19, 2019, Defendant knowingly conspired with others to possess with intent to distribute 50 grams or more of methamphetamine in

violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).  On November 27, 2019, the government filed an Indictment, reflecting that the Grand Jury charged Defendant with the foregoing.  ECF No. 9.

On March 17, 2021, the government filed a Superseding Indictment charging Defendant with the same offense and including a special allegation that before committing the subject offense, Defendant had a final conviction in the Circuit Court, State of Hawaiʻi, for Robbery 2 under Hawaiʻi Revised Statutes § 708-841(1)(b) — a serious violent felony — for which he was sentenced to a ten-year term of imprisonment and served more than 12 months.  ECF No. 65.

On April 2, 2021, Plaintiff filed the present Motion.  ECF No. 91.  The government filed an Opposition on April 19, 2021, ECF No. 114, and Plaintiff filed a Reply on April 26, 2021.[1]  ECF No. 127.  The Court held a hearing on April 28, 2021.  ECF No. 132.

## DISCUSSION

Defendant seeks dismissal of the charges against him because the Court lacks legislative jurisdiction and subject matter jurisdiction, namely an absence of nexus with interstate commerce.  ECF No. 91-1 at 2.  The government counters that federal courts have original jurisdiction over violations of federal law and that

---

[1]  Although Plaintiff referenced this Motion in his Reply, he did not present any arguments.  ECF No. 127 at 3–7.

Congress has the authority to criminalize intrastate drug activity.  ECF No. 114 at 8–9.

None of Defendant's arguments are tenable.  Motions asserting a lack of jurisdiction may be brought "at any time while the case is pending."  Fed. R. Crim. P. 12(b)(2).  United States District Courts have original jurisdiction "of all offenses against the laws of the United States."  18 U.S.C. § 3231; *see also United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).  A violation of 21 U.S.C. § 841(a)(1),[2] for which Defendant has been indicted, is such an offense.  *See United States v. Mitchell*, 568 F.3d 1147, 1148 (9th Cir. 2009) (finding that the district court had subject matter jurisdiction over § 841(a)(1) charges); *United States v. Ivester*, 316 F.3d 955, 957 (9th Cir. 2003) (same).  There is no requirement that the offense occur on federal land.[3]  *See* 21 U.S.C. § 841(a)(1); *see also Daniels v. United States*, Cr. No. 08-00104-HG-03, Civ. No. 10-00495-HG-BMK, 2011 WL 768704, at *3 (D. Haw. Feb. 23, 2011) (citations omitted).  Accordingly, Defendant's alleged conduct brings him within the Court's jurisdiction.

---

[2]  Section 841(a)(1) provides:  "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  21 U.S.C. § 841(a)(1).

[3]  As such, Defendant's alternative argument that the subject offense must fall within the limited categories the Constitution authorizes Congress to punish because it did not occur "within the Federal legislative jurisdiction physically," ECF No. 91-1 at 5–6, is without merit.

The Ninth Circuit has repeatedly rejected Defendant's contention that an interstate commerce nexus is required for charges under § 841(a)(1). Indeed, "Congress may constitutionally regulate *intrastate* drug activity under 21 U.S.C. § 841(a)(1)." *United States v. Visman*, 919 F.2d 1390, 1393 (9th Cir. 1990) (emphasis added) (citing *United States v. Rodriquez-Camacho,* 468 F.2d 1220 (9th Cir. 1972); *United States v. Montes-Zarate,* 552 F.2d 1330 (9th Cir. 1977)). "[N]o proof of interstate nexus is required in order to establish jurisdiction." *Montes-Zarate*, 552 F.2d at 1331. And "[i]n fact, courts have determined consistently that intrastate drug activities regulated by § 841(a)(1) are tied to interstate commerce." *United States v. Kim*, 94 F.3d 1247, 1250 (9th Cir. 1996) (citation omitted). Congress has the authority to criminalize intrastate drug activity under the Controlled Substances Act — and does not exceed its authority under the Commerce Clause in doing so — because such activity substantially affects interstate commerce. *See United States v. Tisor*, 96 F.3d 370, 375 (9th Cir. 1996); *see also Gonzales v. Raich*, 545 U.S. 1, 22 (2005) ("That [a] regulation ensnares some purely intrastate activity is of no moment."). Therefore, Defendant's interstate commerce argument fails and dismissal is unwarranted.

4

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss Indictment Based on Lack of Subject Matter Jurisdiction/Jurisdiction/Venue.  ECF No. 91.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, April 29, 2021.



Jill A. Otake
United States District Judge

CR 19-00167 JAO, *United States v. Sandeen*; ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON LACK OF SUBJECT MATTER JURISDICTION/JURISDICTION/VENUE