IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW SANDEEN, <br><br> Defendant. | CR. NO. 19-00167 JAO <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE ONE COUNT INDICTMENT BASED ON DISCOVERY/BRADY VIOLATIONS AND DEFENDANT'S CONSTITUTIONAL RIGHTS** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE ONE COUNT INDICTMENT BASED ON DISCOVERY/BRADY VIOLATIONS AND DEFENDANT'S CONSTITUTIONAL RIGHTS**

Before the Court is pro se Defendant Andrew Sandeen's ("Defendant") Motion to Dismiss the One Count Indictment Based on Discovery/Brady Violations and Defendant's Constitutional Rights ("Motion"). ECF No. 90. He seeks dismissal of the Superseding Indictment on the basis that the government failed to produce a lab report containing drug testing results for over a year. For the following reasons, the Court DENIES the Motion.

BACKGROUND

On November 20, 2019, the government filed a Criminal Complaint, alleging that on November 19, 2019, Defendant knowingly conspired with others to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). On November 27, 2019,

the government filed an Indictment, reflecting that the Grand Jury charged Defendant with the foregoing. ECF No. 9.

On March 17, 2021, the government filed a Superseding Indictment charging Defendant with the same offense and including a special allegation that before committing the subject offense, Defendant had a final conviction in the Circuit Court, State of Hawaiʻi, for Robbery 2 under Hawaiʻi Revised Statutes § 708-841(1)(b) — a serious violent felony — for which he was sentenced to a ten-year term of imprisonment and served more than 12 months. ECF No. 65.

On March 31, 2021, Defendant filed the present Motion. ECF No. 90. The government filed an Opposition on April 19, 2021, ECF No. 114, and Defendant filed a Reply on April 26, 2021. ECF No. 127. The Court held a hearing on April 28, 2021. ECF No. 132.

## DISCUSSION

Defendant argues that the Court should dismiss the Superseding Indictment because the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and Rule 16 of the Federal Rules of Criminal Procedure ("Rule"). Specifically, Defendant argues that he requested the lab results relating to the government's testing of the substance purportedly containing methamphetamine that is the basis for the Superseding Indictment (the "Lab Report"); that the Lab Report was returned to the government on February 24, 2020; and that the

government did not produce the Lab Report to Defendant until February 26, 2021. ECF Nos. 90 at 1; 90-1 at 2.

The government disputes the central factual premise of the Motion, arguing that its counsel in fact emailed the Lab Report to former defense counsel on April 24, 2020, ECF No. 114 at 7, and providing proof of the same. ECF No. 114-2 at 1.

To establish a *Brady* violation, three elements — favorability, suppression, and materiality — must be shown. That is, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *United States v. Olsen*, 704 F.3d 1172, 1181 (9th Cir. 2013) (alteration in original) (citations and quotation marks omitted). Suppression may be either intentional or inadvertent, and even "[a]n 'innocent' failure to disclose favorable evidence constitutes suppression." *Id.* at 1182 (citations omitted). Evidence is prejudicial "'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Rule 16(a)(1)(F) entitles criminal defendants to review and inspect examinations and tests like the Lab Report at issue here:

> **(F) Reports of Examinations and Tests.** Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> **(i)** the item is within the government's possession, custody, or control;
>
> **(ii)** the attorney for the government knows--or through due diligence could know--that the item exists; and
>
> **(iii)** the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

Fed. R. Crim. P. 16(a)(1)(F).  In the event the Court finds that the government committed discovery violations, Rule 16(d)(2) authorizes sanctions, including an order permitting the discovery or inspection, granting a continuance, prohibiting the government from introducing the undisclosed evidence, or "any other order that is just under the circumstances."  Fed. R. Crim. P. 16(d)(2).

      The Court concludes that Defendant has failed to establish either a *Brady* or a Rule 16 violation.  Contrary to Defendant's assertion that the government withheld the Lab Report for over a year, the government in fact produced the Lab Report to former defense counsel on April 24, 2020.  ECF No. 114-2 at 1.  And in any event, Defendant made no showing that the Lab Report, which revealed that the substance at issue was approximately ninety-eight percent pure methamphetamine, ECF No. 114-1 at 1, was favorable to him or that he suffered prejudice as a result of the timing of the government's disclosure.

The Court also concludes that the government complied with its Rule 16 discovery obligations by producing the Lab Report. Defendant has thus failed to establish that discovery sanctions, let alone dismissal of the Superseding Indictment, is appropriate here.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Second Motion to Dismiss the One Count Indictment Based on Discovery/Brady Violations and Defendant's Constitutional Rights. ECF No. 90.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, April 29, 2021.



Jill A. Otake
United States District Judge

CR 19-00167JAO, *United States v. Sandeen;* ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE ONE COUNT INDICTMENT BASED ON DISCOVERY/BRADY VIOLATIONS AND DEFENDANT'S CONSTITUTIONAL RIGHTS

5