IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 19-00167 JAO |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT ORDER DENYING THE DEFENDANT'S REQUEST FOR CONTINUATION OF THE EVIDENTIARY HEARING PURSUANT TO LOCAL RULE 60.1(c) FOR GOOD CAUSE SHOWN AND NEWLY DISCOVERED EVIDENCE |
| vs. | |
| ANDREW SANDEEN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT ORDER DENYING THE DEFENDANT'S REQUEST FOR CONTINUATION OF THE EVIDENTIARY HEARING PURSUANT TO LOCAL RULE 60.1(c) FOR GOOD CAUSE SHOWN AND NEWLY DISCOVERED EVIDENCE**

Before the Court is pro se Defendant Andrew Sandeen's ("Defendant")

Motion for Reconsideration of the Court Order Denying the Defendant's Request

for Continuation of the Evidentiary Hearing Pursuant to Local Rule 60.1(c) for

Good Cause Shown and Newly Discovered Evidence ("Motion"), filed on May 27,

2021.  ECF No. 183.  The government filed a response on May 28, 2021.  ECF No.

188.  The Court shall decide this matter without a hearing pursuant to Local Rule

7.1(d).  For the following reasons, the Motion is DENIED.

## BACKGROUND

On May 17, 2021, the Court issued an Entering Order ("EO") denying pro se

Defendant Andrew Sandeen's motions to continue the June 1, 2021 suppression

hearing:

> On 5/11/21, Defendant filed a 140 Motion for Continuance of
> Due Date for Defense's Responses to Government's Opposition
> and Continuance of Evidentiary Hearing. The Court extended
> Defendant's reply deadline and directed the government to
> respond to the request for a continuance of the suppression
> hearing. ECF No. 142. On 5/14/21, Defendant filed another 149
> Motion to Continue Evidentiary Hearing setting forth the same
> arguments, notwithstanding the pendency of the initial request.
> After reviewing the parties' submissions, the Court DENIES
> Defendant's motions. Defendant argues that a minimum 30 day
> continuance of the suppression hearing is necessary because he
> was unable to access discovery due to the extended unavailability
> of the discovery computer until 5/7/21 in his unit and the
> password protected CD containing discovery, which he finally
> unlocked on 5/13/21. Defendant claims that these circumstances
> prevented him from preparing his reply memorandum and
> locating exhibits for use at the suppression hearing. Defendant
> also argues that he has not received all outstanding subpoenaed
> records, which are necessary for the hearing. The government
> explains that Defendant was only unable to use the discovery
> computer from 5/1/21 to 5/7/21, at most. It further represents
> that the password for the CD was provided on the attached
> transmittal signed by standby counsel on 4/19/21 and that the
> discovery therein was previously disclosed to Defendant.
>
> At best, Defendant's arguments support an extension of the reply
> deadlines. The Court already extended Defendant's reply
> deadlines by 23 days. Defendant's contentions regarding
> discovery are unavailing because he already had the discovery
> on the CD and was provided the password on 4/19/21. And any
> outstanding subpoenas do not support a continuance of the
> suppression hearing. As the party moving to suppress evidence,

2

> Defendant's motions should have identified the issues to be
> addressed at the hearing.  The suppression hearing is not an
> opportunity to raise new issues or present new evidence. Indeed,
> Defendant moved to issue the subpoenas after he filed his
> motions to suppress, on the eve of the original 5/3/21 suppression
> hearing date, and shortly before the prior 6/1/21 trial date.
> Defendant cannot rely on circumstances he created to delay the
> proceedings. Accordingly, the Court DENIES Defendant's
> motions and the suppression hearing will proceed as scheduled
> on 6/1/21.

ECF No. 150.  Defendant subsequently emailed ex parte motions for

reconsideration and exhibits related to this EO, asking the Court to file them on his

behalf.  The Court informed Defendant that it would not consider requests without

a properly filed motion.[1]  ECF Nos. 165, 172.  The present Motion followed.

## DISCUSSION

Defendant seeks reconsideration of the EO, providing additional details in

support of his request for a continuance of the June 1, 2021 suppression hearing

---

[1] In his Motion for the Court to take Judicial Notice of Facts Relevant to the
Defendant's Case Pursuant to Federal Rules of Criminal Procedure 201 and
Constitutional Rights Under the Fifth, Sixth, and Fourteenth Amendments, filed on
May 28, 2021, Defendant accuses the Court of rejecting his *emailed* (not filed as
he claims) ex parte motions for failing to include a declaration in compliance with
Local Rule 7.10, while permitting the government to submit its response to his
motions to suppress without an affidavit as required by Local Rule 7.5 and Federal
Rule of Civil Procedure 56(c)(4), thereby disadvantaging him.  ECF No. 185-4 at
6.  The Court's rejection of Defendant's ex parte motions was not based on his
failure to submit a declaration.  The Court did so because Defendant *twice*
improperly emailed his ex parte motions to chambers.  The Court noted that he did
not supply a legitimate basis for the ex parte designation, citing Local Rule 7.10.
Moreover, Rule 56 has no applicability in the criminal context, as it is a rule of
*civil* procedure governing motions for summary judgment.

3

and relying on newly discovered evidence.  Local Rule 60.1 provides three grounds for reconsideration of interlocutory orders:

> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law; and/or
>
> (c) Manifest error of law or fact.

Local Rule 60.1.  "Motions for reconsideration are disfavored . . . [and] may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request, as set forth above."  *Id.*

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision."  *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citations omitted).  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.

2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Defendant has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of strongly convincing nature to compel reversal of the EO.  In a nutshell, Defendant claims that he has endeavored to obtain crucial exculpatory evidence since 2019 but could not issue subpoenas until a paralegal was authorized in 2021, and he is currently attempting to obtain the information requested in the subpoenas.[2]  Although the Motion contains additional factual details, these details pertain to the arguments already considered and rejected by the Court.  Reconsideration is not a vehicle to rehash arguments.  *See* Local Rule 60.1; *see also Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding that a Rule 60(b) motion was properly denied because the plaintiff merely reiterated the arguments he already presented).  Moreover, "[a]s a general rule, a party cannot

_____

[2]  Defendant's contention that he must be allowed to complete this process before proceeding with the suppression hearing is undercut by the Magistrate Judge's denials of his discovery-related motions this morning.  Significantly, while Defendant insists that the government still owes him discovery and/or that he is awaiting key subpoenaed evidence, the hearing before the Magistrate Judge revealed that the government has satisfied its discovery obligations and that third parties cannot be compelled to produce documents they do not possess nor prepare responses to comport with Defendant's preferences, i.e., affidavits from custodians of record and explanations regarding the unavailability of evidence.  Indefinite continuances of the suppression hearing are not warranted based on Defendant's speculation that he might eventually — after exhausting every possible avenue, justified or not — obtain evidence supporting his defense.

5

seek reconsideration based on grounds that could have been raised in connection with the original motion."[3] *Abel v. Bank of Am., N.A.*, CIV. NO. 20-00176 LEK-WRP, 2020 WL 6626122, at *2 (D. Haw. Nov. 12, 2020) (citations omitted). Defendant had ample opportunity to include necessary information in his prior motions.  Indeed, the Court already granted Defendant's request for a one-month continuance of the suppression hearing and he filed two motions to continue after that.  ECF Nos. 132, 140, 149.

Defendant also argues that newly discovered evidence warrants reconsideration.  On May 25, 2021, the government informed him that an open phone line belonged to PO McDaniel, not SA Young, as initially indicated. Defendant contends that he needs to have an opportunity to subpoena these records because they pertain to his pending motions.  However, it appears that these records will not be obtained.  *See* ECF No. 176.  As such, the newly discovered evidence relied upon by Defendant does not support reconsideration.

Because Defendant has presented no basis for reconsideration, the Court DENIES the Motion.  The suppression hearing will proceed as scheduled on June 1, 2021.

---

[3]  Even if Defendant included this information in his motions, the Court would have reached the same decision.

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's Motion for Reconsideration of the Court Order Denying the Defendant's Request for Continuation of the Evidentiary Hearing Pursuant to Local Rule 60.1(c) for Good Cause Shown and Newly Discovered Evidence.  ECF No. 183.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, May 28, 2021.



Jill A. Otake
United States District Judge

CR. NO. 19-00167 JAO, *USA v. Sandeen*; ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE COURT ORDER DENYING THE DEFENDANT'S REQUEST FOR
CONTINUATION OF THE EVIDENTIARY HEARING PURSUANT TO LOCAL RULE 60.1(c) FOR GOOD
CAUSE SHOWN AND NEWLY DISCOVERED EVIDENCE