IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 19-00167 JAO |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO THE OMNIBUS CRIME CONTROL AND SAFE STREET ACT OF 1968 IN VIOLATION OF 18 U.S.C. § 2515 AND 18 U.S.C. § 3504(1)(A) |
| vs. | |
| ANDREW SANDEEN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO THE OMNIBUS CRIME CONTROL AND SAFE STREET ACT OF 1968 IN VIOLATION OF 18 U.S.C. § 2515 AND 18 U.S.C. § 3504(1)(A)**

Before the Court is pro se Defendant Andrew Sandeen's ("Defendant") Motion for Relief Pursuant to the Omnibus Crime Control and Safe Street Act of 1968 in Violation of 18 U.S.C. § 2515 and 18 U.S.C. § 3504(1)(A)[1] for Claims of a Party Aggrieved by Evidence Inadmissible Due to It Being Obtained through an "Unlawful Act" ("Motion"). ECF No. 92. He seeks suppression of an audio recording the Government obtained from the vehicle of a cooperating defendant,

---

[1] Section 3504 does not have a subsection (1)(A); instead, Section 3504 has two subsections, (a) and (b), and subsection (a) has sub-subsections (1) through (3). *See* 18 U.S.C. § 3504. The Court therefore construes the Motion as seeking relief under Section 3504(a) since that subsection relates to the substance of Defendant's Motion.

Viliseni Matiaki ("Matiaki").² For the following reasons, the Court DENIES the Motion.

BACKGROUND

On March 17, 2021, the Grand Jury returned a Superseding Indictment charging Sandeen with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and including a special allegation that before committing the subject offense, Sandeen had a final conviction in the Circuit Court, State of Hawai'i, for Robbery 2 under Hawai'i Revised Statutes § 708-841(1)(b) — a serious violent felony — for which he was sentenced to a ten-year term of imprisonment and served more than 12 months. ECF No. 65.

On April 2, 2021, Defendant filed the present Motion. ECF No. 92. The Government filed an Opposition on April 19, 2021, ECF No. 113, and Defendant filed a Reply on May 19, 2021. ECF No. 155. The Court held an evidentiary hearing on June 1, 2021. ECF No. 194.

---

² At the hearing, Matiaki provided the Court with the spelling of his last name that appears above, but both Defendant and the Government spell his name "Mateaki." *See* ECF Nos. 92, 113. In a pending criminal case against Matiaki, he is identified as Viliseni Mateaki, *also known as* "Viliseni Matiaki," *also known as* "Kola." *See* ECF No. 9, *in United States v. Mateaki*, No. 1:21-cr-00051-JAO-1 (D. Haw.).

# DISCUSSION

## A. Legal Framework

Defendant alleges that the Government unlawfully obtained evidence against him by placing an audio recording device in Matiaki's vehicle without Matiaki's knowledge or consent. ECF No. 92-1 at 4. Defendant argues that the Government therefore obtained the audio evidence at issue in violation of 18 U.S.C. §§ 2515 and 3504(a). *Id.* at 6; *see also* fn. 1, *supra*. Defendant requests that the Court suppress all evidence obtained as a result of the Government's purportedly illegal audio recording.

Section 2515 provides:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

18 U.S.C. § 2515.

Section 3504 provides:

> **(a)** In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States--
>
> > **(1)** upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation

of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act;

**(2)** disclosure of information for a determination if evidence is inadmissible because it is the primary product of an unlawful act occurring prior to June 19, 1968, or because it was obtained by the exploitation of an unlawful act occurring prior to June 19, 1968, shall not be required unless such information may be relevant to a pending claim of such inadmissibility; and

**(3)** no claim shall be considered that evidence of an event is inadmissible on the ground that such evidence was obtained by the exploitation of an unlawful act occurring prior to June 19, 1968, if such event occurred more than five years after such allegedly unlawful act.

**(b)** As used in this section "unlawful act" means any act the use of any electronic, mechanical, or other device (as defined in section 2510(5) of this title) in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto.

18 U.S.C. § 3504.

Congress has authorized the government to intercept wire, oral, or electronic communications if one or more parties to the communication consents to the government's interception. *See* 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."). And a criminal defendant has no Fourth Amendment expectation of privacy in conversations with someone who is recording the communication on

4

behalf of the government. *See United States v. White*, 401 U.S. 745, 752–53 (1971). Further, in *United States v. Shryock*, 342 F.3d 948 (9th Cir. 2003), the Ninth Circuit held that a warrantless audio recording is admissible under Section 2511(2)(c) where one of the participants in a monitored conversation provides consent to such recording. *See Shryock*, 342 F.3d at 977–78.

**B.    Findings of Fact**

Based on the evidence adduced at the evidentiary hearing, the Court finds that Matiaki consented to the placement of an audio recording device in his vehicle. Matiaki credibly testified that he provided his consent to Homeland Security Investigations ("HSI") Special Agent Ryan Faulkner ("SA Faulkner") to place an audio recording device in his vehicle. Matiaki also understood that agents would listen to Matiaki's live conversations with Defendant in Matiaki's vehicle through an open telephone line.

At a staging meeting at a Walmart parking lot, HSI Special Agent Ivan Young ("SA Young") provided Matiaki with an activated audio recording device, which Matiaki concealed in the sunroof. Matiaki also activated a live open phone call with Hawaiʻi Police Department Officer Nicholas McDaniel ("Officer McDaniel") using a telephone that SA Faulkner gave him, and which Matiaki placed near the drink holders in his car. Through this open phone line, he communicated with government agents and the line remained active until

5

Defendant's arrest.  Matiaki testified that at no point did he withdraw his consent to the Government's placement of the recording device in his vehicle.  Matiaki terminated the open telephone line once to place another call, but immediately after called Officer McDaniel to restore the open telephone line.

The Court disregards as incredible Matiaki's January 7, 2020 written statement indicating that he did not give the police permission to place a recording device in his car.  *See* Exhibit 10.  At the hearing, Matiaki testified that he signed the statement under pressure from Defendant's father, Larry Sandeen ("Larry").  Specifically, he said that Larry showed up at his home on at least four occasions, told him that he was "screwing" Defendant, and gave him the statement to sign.  He also testified that he signed it because he wanted Larry to leave him and his family alone.

Matiaki's declaration executed on February 5, 2021, in which Matiaki swore that, while he was his car, he terminated the open call and "believed [he] was no longer being recorded or listened to in any way" is similarly false.  Exhibit 7.  At the hearing, Matiaki testified that he received calls from Defendant at the FDC during which Defendant told Matiaki to sign the declarations.  Matiaki did so because he felt bad for Defendant and did not want Defendant's father to come to his house.

The reasons the Court finds these declarations false are as follows: (1) Matiaki testified credibly as to the circumstances that caused him to sign both Exhibit 7 and Exhibit 10; (2) the recording obtained from the recording device corroborates Matiaki's testimony that he was aware of both the open phone line and the recording device, *see* Exhibit 1B; and (3) at the hearing, Matiaki's testimony was consistent with that of SA Faulkner, SA Young, and Officer McDaniel.

C. **Conclusions of Law**

The Court therefore concludes the Government lawfully obtained the evidence gathered through the recording device. In light of this conclusion, the Court need not reach the Government's argument that Defendant lacks standing to move for suppression of the portions of the audio recording that do not include Defendant. ECF No. 113 at 22–24.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Relief Pursuant to the Omnibus Crime Control and Safe Street Act of 1968 in Violation of 18 U.S.C. § 2515 and 18 U.S.C. § 3504(1)(A). ECF No. 92.

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 7, 2021.



Jill A. Otake
United States District Judge

CR 19-00167 JAO, *United States v. Sandeen*; ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO THE OMNIBUS CRIME CONTROL AND SAFE STREET ACT OF 1968 IN VIOLATION OF 18 U.S.C. § 2515 AND 18 U.S.C. § 3504(1)(A)

8