IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SANDEEN,<br><br>Defendant. | CR. NO. 19-00167 JAO<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR MINISTERIAL RECORDS FOR GRAND JURY PANEL 19-I |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR MINISTERIAL RECORDS FOR GRAND JURY PANEL 19-I**

Before the Court is Defendant Andrew Sandeen's ("Defendant") Request for Ministerial Records for Grand Jury Panel 19-I ("Request"). ECF No. 218. Defendant seeks all ministerial information related to Grand Jury Panel 19-I and any additional information the Court can provide pursuant to Federal Rule of Criminal Procedure[1] ("Rule") 6. He also challenges compliance with the selection procedures pursuant to 28 U.S.C. § 1867(f). For the following reasons, the Court GRANTS IN PART AND DENIES IN PART the Request.

---

[1] Defendant incorrectly references the Federal Rules of Evidence.

## DISCUSSION

### A.   Ministerial Information

Defendant requests all ministerial information pertaining to Grand Jury Panel 19-I ("GJ Panel 19-I"), including the swearing in date, commencement, and end of term. ECF No. 218. The government does not object to the disclosure of purely ministerial records regarding the empanelment and extension of Grand Jury Panel 19-I ("GJ Panel 19-I"), provided the grand jurors' names and identifying information are redacted. ECF No. 226 at 2.

The Ninth Circuit has held that members of the public and criminal defendants "have a right, subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury. Absent specific and substantial reasons for a refusal, such access should not be denied." *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1982). Without formally defining "ministerial," the Ninth Circuit explained that such records "generally relate to the procedural aspects of the empanelling and operation of the Special Grand Jury, as opposed to records which relate to the substance of the Special Grand Jury's investigation." *Id.* at 779 n.1.

Mindful of the secrecy rule codified in Rule 6(e), covering "matters occurring before the grand jury," *id.* at 781, the Court will authorize the disclosure of purely ministerial records related to GJ Panel 19-I — when it was sworn in,

commenced, and the end of the term. *See United States v. Fuentes*, No. CR.S-07-0248 WBS, 2008 WL 2557949, at *3 (E.D. Cal. June 24, 2008) (deeming ministerial "[o]rders reflecting the beginning term and extension of the terms of any grand jury investigating the defendants"). However, the records should be redacted to the extent they contain information identifying a grand juror or prospective grand juror. Defendant has not identified with specificity any other records he seeks pertaining to GJ Panel 19-I so the Court will not address other categories of records.

**B.    28 U.S.C. § 1867**

Defendant also challenges compliance with grand jury selection procedures pursuant to § 1867(f). ECF No. 218. He suspects irregularities due to the passage of time between the Indictment and Superseding Indictment and wants to verify that the proper selection procedures occurred during empanelment. *Id.* The government does not challenge the disclosure of documents related to the process for selecting jurors but suggests clarification from Defendant regarding the specific documents sought. ECF No. 226 at 6.

"[T]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). The Jury Selection and Service Act of 1968 ("JSSA") similarly entitles all litigants entitled to trial by jury

in federal courts "to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.  Under § 1867(f), "[a] litigant has essentially an unqualified right to inspect jury lists when necessary for the preparation or presentation of a motion under 28 U.S.C. § 1867(a)–(c)."  *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980) (citations omitted); *see also Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam).  "The right 'to inspect, produce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion' granted in section 1867(f) extends not only to the grand jury panel, but also to the master wheel."  *Armstrong*, 621 F.2d at 955 (citation omitted).

Due to the generalized nature of Defendant's request, the Court is unable to determine what Defendant wants and whether he is entitled to production of the same.  Therefore, the request is denied without prejudice.  If Defendant wishes to pursue this request, he must identify the documents he seeks and the bases for requesting them.

## CONCLUSION

For the reasons stated herein, the Court GRANTS IN PART AND DENIES IN PART Defendant's Request for Ministerial Records for Grand Jury Panel 19-I ("Request").  ECF No. 218.  The Court authorizes the disclosure of the following records related to GJ Panel 19-I:  when it was sworn in, when it commenced, and

the end of the term.  The Clerk of Court shall (1) produce copies of these records — redacted to the extent they contain information identifying grand jurors or prospective grand jurors — to Defendant by August 12, 2021 and (2) file a copy of the records produced — if the records are redacted, the redacted version should be publicly filed and the unredacted version should be filed under seal, accessible only to the Court.  The balance of the Request is DENIED without prejudice.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaiʻi, July 30, 2021.



Jill A. Otake
United States District Judge

CR 19-00167 JAO, *United States v. Sandeen*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR MINISTERIAL RECORDS FOR GRAND JURY PANEL 19-I